IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01668-PAB

SERGIO GIOVANNI GRANADOS-AGUILAR,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on Sergio Giovanni Granados-Aguilar's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 11.

## I. BACKGROUND[1]

Petitioner has resided in the United States for fifteen years since entering the United States without inspection. Docket No. 1 at 2, ¶ 3. On February 16, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id.* at 11, ¶ 35. On April 20, 2026, petitioner filed a petition for writ of habeas corpus. *See*

---

[1] The following facts are undisputed unless otherwise noted.

*generally id*.  Petitioner brings a claim for violation of 8 U.S.C. § 1226(a) (Count I);

violation of bond regulations under the Immigration and Nationality Act (Count II);

violation of the Administrative Procedures Act (Count III); and violation of his

substantive and procedural due process rights under the Fifth Amendment (Counts IV

and V).  *See id.* at 12-16.  Petitioner requests, among other forms of relief, that

respondents provide petitioner with a bond hearing or order petitioner's immediate

release.  *See id.* at 17-18.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C.

§ 1226 or 8 U.S.C. § 1225.  *Id.* at 12-13; Docket No. 11 at 2-5.  Petitioner contends that

"§ 1225 does not apply to people like Mr. Granados-Aguilar who previously entered the

country and reside in the U.S. prior to being detained and placed in removal

proceedings."  Docket No. 1 at 12, ¶ 39.  Rather, petitioner contends that § 1226 applies

and thus respondents must provide him with a bond hearing.  *See id.*  Respondents,

however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner

who are present in the United States without being admitted.  Docket No.  11 at 2-5.

Respondents claim that petitioner is therefore not entitled to a bond hearing and is

subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies

to petitioners who were detained when already present in the United States without

inspection and who face removal proceedings.  *See, e.g.*, *Moncada-Hernandez v.

Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De

La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16,

2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D.

Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 11.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[2]  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[3]

---

[2] Because the Court will grant the habeas petition on the basis of Count I, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 18.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").  Petitioner requests that the Court enjoin respondents from "unilaterally imposing additional forms of custody," such as GPS monitoring or reporting requirements.  *See* Docket No. 1 at 17, ¶ 3.  Petitioner requests that the Court enjoin respondents from imposing delays in the payment of bond and from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2).  *See id.,* ¶¶ 3-5.  Petitioner requests that the Court require the immigration judge to consider his financial

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Sergio Giovanni Granados-Aguilar's Petition for Writ of

Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents

shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the

government shall bear the burden of proving that petitioner's continued detention is

justified.[4]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall

file a status report indicating whether the bond hearing was held and whether bond was

granted or denied.

DATED May 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

circumstances in setting bond.  *Id.* at 18, ¶ 7.  The Court will not impose these restrictions on the bond hearing and petitioner's release prior to respondents providing a bond hearing.  *See De La Cruz*, 2026 WL 439217, at *4-5.

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").